FRASER v. McARTHUR.

1. EVIDENCE—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DECEDENTS
—PRESUMPTIONS.
Presumption that decedent was free from contributory negli-
gence does not attach where there were eyewitnesses of acci-
dent in which he was injured at street intersection.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.
In action for fatal injuries to plaintiff's decedent, received when
struck by automobiles at street intersection, burden is on
plaintiff to show his decedent's freedom from contributory
negligence where there were eyewitnesses to accident.

3. AUTOMOBILES — DECEDENT PEDESTRIAN'S CONTRIBUTORY NEGLI-
GENCE.
In action for injuries received at street intersection by pedestrian
who later died therefrom, record held, insufficient to sustain
appellant's contentions that decedent's freedom from contribu-
tory negligence was not established and that he was guilty of
such negligence as a matter of law.

4. SAME — CONTRIBUTORY NEGLIGENCE — PEDESTRIANS — FINDING OF
JURY—EVIDENCE.
Showing that pedestrian who waited at street intersection until
pronounced break in traffic from each direction, proceeded in
safety to center portion of street when he discovered double
line of traffic approaching him from each direction substan-
tially 30 feet distant and moved to some extent backward and
forward in obvious attempt to place himself in safest position
before being hit, first by appellant's car driven at an unlawful
rate of speed close to center of street, and then by other de-
fendant's car, driven in opposite direction, held, sufficient basis
upon which jury was justified in finding decedent free from
contributory negligence.

Appeal from Wayne; Webster (Clyde I.), J. Sub-
mitted April 3, 1935. (Docket No. 38, Calendar No.
38,329.) Decided May 17, 1935. Rehearing denied
June 19, 1935.

Case by Clifton J. Fraser, administrator of the estate of George Fraser, deceased, against Stewart McArthur and Maynard Wheeler, for death of plaintiff's decedent as the result of being struck by automobiles while crossing at a street intersection. From verdict and judgment for plaintiff against defendant McArthur, he appeals. Affirmed.

*Vandeveer & Vandeveer,* for plaintiff.

*Payne & Payne (Juntunen & DeCoursey,* of counsel), for defendant.

NORTH, J. In August, 1933, plaintiff's decedent, Mr. George Fraser, while crossing Grand River avenue in Detroit on foot was struck by an automobile. As a result of injuries received he died the following January. This suit was instituted by Mr. Fraser, and following his death the administrator of his estate was substituted as party plaintiff. There was trial by jury. The jury found in favor of defendant Wheeler but rendered verdict against defendant McArthur. The latter has appealed, contending that his motion for a directed verdict at the close of the proofs should have been granted for two reasons. First, because the plaintiff failed to establish by the testimony that his decedent was free from contributory negligence; and second, because plaintiff's decedent was guilty of contributory negligence as a matter of law.

The accident happened under the following circumstances: About 8:30 in the evening Mr. Fraser started from the northwest corner of the intersection of Stanley and Grand River avenues to cross Grand River in a southerly direction. At the time he started to cross there was a break in the automobile traffic on Grand River avenue. The traffic from

the westerly direction had been stopped by the traffic light a block west of the point of the accident. Mr. Fraser went in safety to the middle line of the street. There is a double line of street car tracks on Grand River avenue and plaintiff's decedent, evidently observing traffic approaching both from the east and from the west, paused midway·between the two street car lines. It is fair to assume from the testimony that he could not safely have done otherwise. Just at this time appellant was approaching the Stanley intersection from the west. He either had just passed or was passing another automobile going in the same direction. There is testimony that he was driving between 30 and 35 miles an hour and very close to the center line of the street—at least the left-hand wheels of his car were in the strip between the east-bound and the west-bound street car tracks, that his car came in contact with Mr. Fraser and knocked him into the side of another automobile approaching from the opposite direction, driven "pretty near the center of the road;" and that appellant's automobile "went half a block after Mr. Fraser was hit." The automobile coming from the east and into the side of which Mr. Fraser was thrown was driven by defendant Wheeler, whom the jury found was not responsible for this accident.

Plaintiff produced as a witness Mr. Heron who from his porch about 150 feet off from Grand River avenue observed the accident. He testified that plaintiff's decedent, when he first saw him that evening, was standing on the sidewalk at the northwest corner, that he saw him walk out into the middle of Grand River avenue, that then plaintiff's decedent "took one step forward and hesitated and stepped back just as quick, just right that moment

the car going east hit him, and instantaneously the car going west hit him on the rebound. * * * While the east-bound car and west-bound car were traveling their 30 feet, Mr. Fraser occupied the same position, with the exception of the step forward and a hesitation or a pause and then a step back. * * * The fender of the car going east hit Mr. Fraser. It was the center of the fender.''

There were eyewitnesses of this accident. Therefore plaintiff's decedent is not, as a matter of law, presumed to have been free from contributory negligence. *Richardson* v. *Williams,* 249 Mich. 350. It follows that the burden was upon plaintiff of showing Mr. Fraser was free from negligence that caused or contributed to his injury. *Webber* v. *Billings,* 184 Mich. 119, 125. As noted above, appellant asserts that plaintiff failed to establish the essential fact that his decedent was free from contributory negligence, and further that decedent was guilty of contributory negligence as a matter of law. We think the record does not sustain either of these contentions. From the testimony above quoted, as well as other testimony in the record, when construed in the light most favorable to plaintiff, it appears that Mr. Fraser left the sidewalk on the northerly side of the street at a time when there was a pronounced break in the vehicular traffic from each direction and that he proceeded in safety to the center portion of the street. Surely up to this point plaintiff's decedent was not guilty of negligence. At that time and place he discovered a double line of traffic approaching him from each direction and substantially 30 feet distant. He could not with safety continue crossing the street, neither could he retreat. The testimony clearly shows he was not careless in failing to observe his surroundings. Instead, it appears he

looked in each direction and moved to some extent backward and forward in an obvious attempt to place himself in the safest position. There is testimony that as the two cars of defendants approached plaintiff's decedent the space between them was only a matter of four and a half or five and a half feet, and that appellant's car was nearer the center line of the street than that of the other defendant. Appellant was driving at an unlawful rate of speed. Obviously a slight swerving of his car to the right would have avoided the accident. And it is equally obvious that plaintiff's decedent suddenly and unexpectedly found himself surrounded with unavoidable danger. Until he made this discovery he had every reason to assume that both appellant and the other defendant would operate their cars in a lawful manner. At the time he discovered the contrary there was nothing plaintiff's decedent could do to avoid the accident. There is testimony from which the jury was justified in finding that Mr. Fraser was free from negligence which caused or contributed to his injury.

The judgment entered in the circuit court is affirmed, with costs to appellee.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.