DEWEY v. PERKINS.

1. ACTION—HUSBAND AND WIFE—INJURY TO WIFE.

Recovery by husband for loss of his wife's services is contingent upon recovery by her for injuries and medical and nursing services where their respective actions were consolidated.

2. APPEAL AND ERROR—ADVERTENCE TO INSURANCE IN ACTION AGAINST MOTORIST.

In pedestrian's action against motorist for injuries, bringing in the question of insurance in an advertent manner by direct action of counsel may result in a reversal on such ground alone.

3. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

On appeal from judgment for plaintiff in action involving contributory negligence Supreme Court considers the testimony in the light most favorable to plaintiff and determines whether the minds of reasonable men can honestly reach different conclusions.

4. EVIDENCE—NUMBER OF WITNESSES—WEIGHT OF EVIDENCE.

The weight to be given testimony does not depend on the number of witnesses.

5. APPEAL AND ERROR—WEIGHT OF EVIDENCE—NUMBER OF WITNESSES.

The Supreme Court does not reverse a judgment, entered upon a verdict for the prevailing party, as against the weight of the evidence, merely because the witnesses for the losing side outnumber those of the side which prevailed.

6. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—WEIGHT OF EVIDENCE.

In pedestrian's action against motorist, finding of jury that plaintiff was not guilty of contributory negligence *held*, against the great weight of the evidence under record showing that late in the evening, early in October, plaintiff had started across a street when there was a break in the traffic in the lane nearest her and proceeded to somewhere near the middle of the street and seemingly into the traffic lane on the far side of the street in which defendant appears to have been traveling.

7. Damages—Husband's Action for Loss of Wife's Services—
Evidence.
> In husband's action for loss of wife's services because of
> injuries received when struck by defendant's automobile,
> testimony of operator of local domestic employment bureau
> as to prevailing wage rate for domestic help warranted a
> verdict for more than nominal damages.

Appeal from Calhoun; Hatch (Blaine W.), J.
Submitted October 11, 1940. (Docket No. 54, Calendar No. 41,279.) Decided December 10, 1940.

Separate actions of case by Ida Dewey and Glenn A. Dewey, her husband, against James C. Perkins for damages sustained when Ida Dewey was struck by defendant's automobile. Cases consolidated for trial. Verdict and judgment for plaintiffs. Defendant appeals. Reversed, and new trial ordered.

*Ronald M. Ryan,* for plaintiffs.

*Andrew W. Lockton,* for defendant.

Butzel, J. Actions for damages brought by Ida Dewey and Glenn A. Dewey, her husband, were consolidated for trial and are before us for review on one record. Mrs. Dewey brought suit for her injuries and for the medical and nursing expenses which have been charged to her; Mr. Dewey claims only for loss of his wife's services. Recovery by Mr. Dewey is, of course, contingent upon recovery by Mrs. Dewey. The jury returned verdicts in favor of both plaintiffs; the trial court denied defendant's motion for a new trial.

Late in the evening of October 1, 1938, plaintiff, a woman 56 years of age, left her home with a visitor who intended to take a bus to go to her own home.

The Dewey home is on West Michigan avenue near Barney street in the city of Battle Creek. West Michigan avenue is 46 feet wide. When the two women arrived on the north side of Michigan avenue, the visitor crossed to the opposite side of the street where she expected the bus to stop. The first bus that came along was not "her bus," so she "waved it along." Mrs. Dewey decided to rejoin her visitor on the south side of the street and "stand" with her. The traffic was heavy in both directions that night. Mrs. Dewey testified that she decided to go across "as soon as there was an opening." When she thought there was one, she started to go across, walking rather fast. As she walked "nearly to the middle," the cars coming from her right seemed to be coming so fast that she could not reach the south side; she stood still at a place which she "imagined" was "a couple of feet from the middle line." She testified that she saw a car drive out of line coming right at her; she made a quick turn to go back to the north curb but a car was in her way. She stated that before there was an opening to permit her to retrace her steps back to the curb, defendant was "right on top" of her, and that he drove to his wrong side of the road and thus struck her. She insisted that she did not step across the center line, thus flatly contradicting the testimony of two of her own witnesses and that of defendant and his disinterested witness. When Mrs. Dewey was struck, she hit the right side of the grill and the right headlight, then rolled over onto the right front fender.

Defendant was called as an adverse witness by plaintiffs, and after he had begun to explain his version of the accident, he was asked if he had not made a statement to a Mr. H. E. Griffin. Defendant moved for a mistrial in the absence of the jury, on the ground that Mr. Griffin was known to be an in-

surance adjuster and that the sole purpose of asking the question was to inject the insurance feature into the case; plaintiffs' counsel replied that he expected to call Mr. Griffin to impeach defendant's testimony. The trial court admonished plaintiffs' counsel but declined to declare a mistrial. Mr. Griffin was not called as a witness, and there is nothing in the testimony to show that Mr. Griffin was an insurance adjuster; an affidavit of Mr. Griffin, which accompanied defendant's motion for a new trial, stated that he was an adjuster, that he had conferred with plaintiffs' counsel, and that he was well known in the county as an adjuster. The trial court held that the alleged error was not prejudicial. We have repeatedly warned counsel of the risk they run in injecting the insurance question into a trial. As the case must be retried, and the alleged error should not recur, we shall pass the question without further discussion, but with the comment that, in close cases, bringing in the question of insurance in an advertent manner by direct action of counsel may result in a reversal on this ground alone. See *Janse* v. *Haywood*, 270 Mich. 632; annotation:

"Admissibility of evidence, and propriety and effect of questions, statements, comments, et cetera, tending to show that defendant in personal injury or death action carries liability insurance." 105 A. L. R. 1319.

It is contended that Mrs. Dewey was guilty of contributory negligence as a matter of law. On the question of contributory negligence, we consider the testimony in the light most favorable to plaintiff, and determine whether the minds of reasonable men can honestly reach different conclusions. *Ashworth* v. *City of Detroit,* 293 Mich. 397. We think there was no error in refusing to direct a verdict for de-

fendant on this element of the case. Mrs. Dewey left the north curb when there was a safe break in the traffic lane nearest her; if there were ample proof that she waited on the north side of the center line, as she testified she did, and defendant moved out of his line of traffic and crossed over the center line into the lane of traffic going in the opposite direction, it would have been proper for the jury to find that there was no negligence on her part which contributed to the accident. *Fraser* v. *McArthur,* 271 Mich. 622; *Ritter* v. *Terman,* 285 Mich. 128.

Notwithstanding Mrs. Dewey's testimony that she stood on the north side of the center line and that defendant left his side of the road and crossed the center to strike her, we think the jury's finding that Mrs. Dewey was free from contributory negligence is against the great weight of the evidence. She claims that she stopped about two feet from the center line when she realized that defendant's car was coming too rapidly to permit her to reach the south curb; inasmuch as a car was coming in the opposite direction on the north side of the road, there was nothing else for her to do but stand and wait. Defendant testified that at all times he remained on his right or south side of the street, that as he approached Mrs. Dewey she turned around and walked back into the path of defendant's oncoming car and was struck. Assuming that Mrs. Dewey did not become confused and that her statement that she imagined she stood a couple feet from the middle line while looking towards the west was her correct belief, and that the word "imagined" was not used to express doubt, there was the testimony of other witnesses to the effect that defendant did not cross the center line so as to get on the wrong side of the street. Her statement was not borne out by her two witnesses who were on motorcycles driv-

ing in the same direction as defendant and not far behind his car. Defendant's positive testimony that he remained on his proper side of the street was borne out by an additional witness, totally disinterested in the outcome of the case, who testified that Mrs. Dewey was struck somewhere near the middle of the south half of the street. Furthermore, it was shown that Mrs. Dewey was struck by the right part of the grill and the right headlight of defendant's car. If Mrs. Dewey was correct, this fact would indicate that defendant drove his car a considerable distance over onto the north side of the road at a time when another car was coming in an opposite direction. Notwithstanding that the weight to be given testimony does not depend on the number of witnesses (*Gubas* v. *Bucsko,* 219 Mich. 553; *Johnston Gravel Co.* v. *Borck,* 229 Mich. 64; *Buchel* v. *Williams,* 273 Mich. 132) and we do not reverse a judgment merely because the witnesses for the losing side outnumber those of the side which prevails, we think from an examination of all the facts disclosed by the record that the verdict finding Mrs. Dewey free from contributory negligence was against the great weight of the evidence, and that the case should be reversed for a new trial.

Defendant contends there is no competent proof of recoverable damages in Mr. Dewey's case because the value of the services was not proved. The trial court certified that the testimony of an operator of a local domestic employment bureau was inadvertently omitted from the bill of exceptions previously settled, and he ordered that it be amended to include this vital testimony concerning the prevailing wage rate for domestic help. Thus, there was something in the record to warrant a verdict for more than nominal damages. As the amount of recovery that is proper under the proofs is not to be determined

now, further discussion is needless. It is enough for present purposes that there was proof in the record from which the jury might find the value of the services lost by Mr. Dewey.

Defendant complains that the instructions to the jury did not correctly state the standard of care required and the theory of the case. While a particular statement that might be wrested from the charge might seem inaccurate, we think that the charge as a whole properly covered the law of the case. Any alleged error in answering specific questions of the jurors is so unlikely to recur on retrial that further discussion would serve no useful purpose.

The judgments in both cases are reversed, and a new trial is ordered. Costs to defendant.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, NORTH, MCALLISTER, and WIEST, JJ., concurred.