## SNIDER v. JENNINGS.

1. Negligence—Contributory Negligence—Verdict of No Cause of Action.

   Verdict of no cause of action by jury in action by guardian of 2-year-old child against defendant for negligence, where jury was properly instructed that a child of such tender years cannot be held contributorily negligent, can only mean that jury found that the defendant was free from negligence.

2. Same—Derivative Action—Jury Instruction—Harmless Error.

   A derivative action by the parent of a child of tender years against a defendant for negligence must fail where the main action fails because the jury finds the defendant free of negligence, and error claimed by plaintiff parent in instruction to jury that contributory negligence of the parent would bar recovery by the parent need not be considered by the appellate court in that case.

---

References for Points in Headnotes

[1] 38 Am Jur, Negligence § 372.
[2] 5 Am Jur 2d, Appeal and Error §§ 811, 816.
[3] 53 Am Jur, Trial §§ 446–448.
[4] 53 Am Jur, Trial § 441.
[5] 53 Am Jur, Trial §§ 441–444.
[6] 53 Am Jur, Trial §§ 535, 824, 835.
[7] 5 Am Jur 2d, Appeal and Error § 887.

3. TRIAL—JURY VIEW—ACCOMPANIMENT BY COUNSEL.

No person other than the officer designated by the court shall speak to the jury concerning any subject connected with the trial during a jury view of the scene of an accident, and consequently the absence of counsel for the parties and the judge is of no consequence because, even if present, they could say nothing (GCR 1963, 513).

4. SAME—JURY VIEW—PURPOSE.

The purpose of the jury's visitation and view of the scene of an accident is to make clear in their minds the evidence already introduced and not to augment the evidence.

5. SAME—JURY VIEW—CHANGED CONDITIONS.

Change of conditions at the scene of an accident did not prejudice plaintiffs upon a view of the scene by the jury in a negligence action where before viewing the premises the jury had heard defendant testify upon cross-examination about the changes he had made at the scene of the accident to prevent other accidents of that kind from happening.

6. SAME—CHARGE TO JURY—QUESTIONING OF COUNSEL.

Question by court to counsel for plaintiff in negligence action at the conclusion of the charge to jury and in the presence of the jury asking if there was anything plaintiff's counsel wished to add *held*, not to prejudice the case where the record shows that after the jury retired counsel was again asked if he had any objections to the charge and replied "no".

7. NEGLIGENCE—NEW TRIAL—EVIDENCE.

Denial of plaintiff's motion for new trial in negligence action which resulted in jury verdict of no cause of action *held*, not error where review of the record discloses proofs which, if believed by jury, support their conclusion that defendant was not negligent, and the verdict was not against the great weight of the evidence.

Appeal from Mecosta, Van Domelen (Harold), J. Submitted Division 3 April 4, 1968, at Grand Rapids. (Docket No. 3,827.) Decided May 29, 1968.

Complaint by Mary E. Snider, for herself and as guardian of Scott Andrew Snider, against Marcus

Jennings for personal injuries suffered by Scott Snider and derivative damages suffered by Mary E. Snider. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Robert L. Miles,* for plaintiff.

*George Worcester,* for defendant.

BURNS, P. J. Plaintiffs appeal from judgments entered upon jury verdicts of no cause of action. Scott Snider, 2 years of age, lived with his mother, Mary Snider, in a house trailer located in a trailer court which was owned and operated by defendant. Defendant provided a laundry room on the premises for the use of the tenants. While Mary Snider and a 13 year old girl were busy loading clothes in an extractor, Scott went behind an automatic dryer and stuck his hand into a service door used to observe the operation and maintenance of the motor. As a result the child suffered injuries to 2 fingers, 1 of which had to be partially amputated. Although the defendant testified that in his opinion the door could not have been opened by a 2 year old child, there was no testimony indicating how the service door was opened.

Plaintiffs claim the trial court erred by instructing the jury that contributory negligence by the parent would bar recovery by the parent. It is not necessary for the Court to rule on this particular charge. It is settled law that a child of such tender years as Scott Snider cannot be held contributorily negligent, and the trial court so instructed the jury. Therefore, the no cause of action verdict against Scott Snider could only mean one thing: the defendant was free from negligence. The main action having failed, Mary Snider's individual derivative

action must also fail. See *Dewey* v. *Perkins* (1940), 295 Mich 611; *Morrison* v. *Grass* (1946), 314 Mich 87; *Bias* v. *Ausbury* (1963), 369 Mich 378.

During the trial the judge allowed the jury to view the scene of the accident. One aspect of appellants' assignment of error regarding this particular suggests that counsel should have accompanied the jury and the sheriff to the scene. The absence of counsel and judge is of harmless consequence because, even if present, they could say nothing. No person other than the officer designated by the court shall speak to the jury concerning any subject connected with the trial. GCR 1963, 513. Appellants further claim, however, that the conditions of the scene had changed to their prejudice. Before viewing the premises, the jury had heard defendant testify upon cross-examination that he had installed a board in such a manner so as to prevent small children from getting behind the dryer. Appellants contend that this also prejudicially prevented the jury from examining and testing the service door, but we find no merit in this argument. The purpose of the jury's visitation and view was to make clear in their minds the evidence already introduced and not to augment the evidence. *People* v. *Connor* (1940), 295 Mich 1.

Appellants' counsel complains that the court erred by asking him, in the presence of the jury at the conclusion of the charge, if there was anything he wished to add. The record shows that after the jury retired counsel was again asked if he had any objections to the charge, and counsel replied, "No". The case was in no way prejudiced by this procedure.

A review of the record discloses proofs which, if believed by the jury, support the fact-finder's conclusion; the verdict was not against the great weight

of the evidence. The trial judge did not err by denying appellants' motion for new trial.

Affirmed. Costs to appellee.

QUINN and ZIEM, JJ., concurred.