TOY *v.* MONTICELLO HOUSE, INC.

1. Negligence—Trial—Jury Instruction—Derivative Cause of
   Action.
     Reversible error would be created by giving a jury instruction to
     the effect that a wife's contributory negligence would not bar
     a husband's right to recover in his individual capacity, when
     the husband's action was derivative; therefore refusal of the
     trial court to give such instruction was proper.

2. Trial—Appeal and Error—Jury—Verdicts.
     Return by jury of only one verdict although requested to re-
     turn two separate verdicts because plaintiff's action was on two
     separate claims *held,* not grounds for reversal where plaintiff
     did not object to the form of the verdict when it was rendered,
     and did not demonstrate that the form of the verdict affected
     his substantial rights, or that permitting the form of the
     verdict to stand is inconsistent with substantial justice (GCR
     1963, 13, 529.1).

Appeal from Ingham, Marvin J. Salmon, J. Sub-
mitted Division 2 May 6, 1969, at Lansing. (Docket
No. 5,388.) Decided May 26, 1969. Leave to appeal
denied December 31, 1969. See 383 Mich 756.

Complaint by Jay M. Toy, for himself and as
administrator of the estate of Esther E. Toy, de-
ceased, against Monticello House, Inc., for medical
and funeral expenses, loss of consortium, and pain,
suffering and mental anguish. Verdict and judg-

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Husband and Wife §§ 441, 452, 459–462; 38
    Am Jur, Negligence §§ 239, 250.
[2] 53 Am Jur, Trial §§ 1039, 1043.

ment of no cause of action. Plaintiff appeals. Affirmed.

*Sinas, Dramis, Brake & Turner,* for plaintiff.

*Newman & Mackay,* for defendant.

BEFORE: Lesinski, C. J., and Quinn and Danhof, JJ.

Per Curiam. By this action, plaintiff sought to recover damages in his individual capacity for medical and funeral expenses arising out of injuries to and the ensuing death of his wife due to the alleged negligence of defendant, and for loss of consortium. In his representative capacity, plaintiff sought to recover damages for pain, suffering, and mental anguish experienced by his wife from the date of the alleged negligence until her death, and for the loss of companionship suffered by plaintiff and children because of the death of the wife and mother. A jury trial resulted in a verdict of no cause of action and judgment entered thereon.

On appeal, plaintiff contends it was reversible error for the trial judge not to give a requested instruction to the effect that the wife's contributory negligence would not bar plaintiff's right to recover in his individual capacity. In this latter capacity, plaintiff's action was derivative, *Snider* v. *Jennings* (1968), 11 Mich App 562. It would have been reversible error to have given the requested instruction.

Although requested to return two separate verdicts because plaintiff's action was on two separate claims, the jury returned only one verdict. Plaintiff claims this was reversible error. The claim is not valid. Plaintiff did not object to the form of

the verdict when it was rendered, nor has plaintiff demonstrated that the form of the verdict affected his substantial rights, GCR 1963, 13, or that permitting the form of the verdict to stand is inconsistent with substantial justice, GCR 1963, 529.1.

Affirmed, with costs to defendant.