### HICKEY v. KASER

1. APPEAL AND ERROR—FINDINGS OF FACT—EVIDENCE.

The Court of Appeals does not substitute its judgment for that of the trial judge on questions of fact unless the record indicates a clear preponderance of evidence in the opposite direction.

2. NEGLIGENCE—AUTOMOBILES—DAMAGES—DERIVATIVE ACTION.

A parent's derivative action for damages sustained by a son as a result of an automobile accident must fail when the main action of the son fails.

Appeal from Lenawee, Rex B. Martin, J. Submitted Division 2 November 7, 1969, at Detroit. (Docket No. 6,564.) Decided November 26, 1969.

Complaint by William P. Hickey, Sr., for himself and as next friend of William P. Hickey, Jr., against Bradley Lynn Kaser and Howard O. Kaser for injuries resulting from a motorcycle-automobile accident. Judgment for defendants. Plaintiffs appeal. Affirmed.

*William P. Hickey, Sr., in propria persona.*

*Aloysius B. O'Mara,* for defendant.

Before: LESINSKI, C. J., and HOLBROOK and QUINN, JJ.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 841.
[2] 39 Am Jur, Parent and Child § 74.

PER CURIAM. Plaintiffs, father and son, instituted this automobile negligence action to recover damages for personal injury. The basis of the suit is an accident involving a motorcycle driven by plaintiff-son and defendant's automobile. The trial court, after listening to the testimony and weighing the evidence, returned a no cause of action judgment against the plaintiff-son, based upon contributory negligence, and also a 'no cause' in the plaintiff-father's action because of the contributory negligence of the son. From this decision, both plaintiffs appeal.

The issues to be determined on appeal are as follows:

(1) *Was there sufficient evidence to support the trial court's finding of fact that plaintiff-son was guilty of contributory negligence?*

(2) *Was the plaintiff-father's action for injuries to his son barred by his son's contributory negligence?*

(1) Whether the plaintiff-son was negligent and whether such negligence was a contributing cause of the alleged accident and injury is a question of fact. (9 Callaghan's Michigan Pleading & Practice, § 65-.76, p 305). *Ingram* v. *Henry* (1964), 373 Mich 453; *Kevreson* v. *Michigan Consolidated Gas Company* (1965), 374 Mich 465; *Ketola* v. *Frost* (1965), 375 Mich 266; *Houck* v. *Snyder* (1965), 375 Mich 392.

The trial court made the following findings:

"I think the plaintiff almost made it in safety [motorcycle-left turn], but I think his negligence in judging the defendant's distance, his negligence in failing to judge the defendant's speed, his failure to take a second look, his failure to signal, were still continuing acts of negligence, and he is guilty of contributory negligence."

The record indicates that the due care failings on the part of the plaintiff-son, coupled with the totality of circumstances leading to the accident, support the conclusions of the trial judge. We do not substitute our judgment on questions of fact unless they clearly preponderate in the opposite direction. *Leonard* v. *Hey* (1934), 269 Mich 491; *Jones* v. *Eastern Michigan Motorbuses* (1939), 287 Mich 619.

(2) The law in Michigan is well settled regarding a father's action for his damages sustained as a result of his son being injured in an automobile accident. When the main action of the son fails, the derivative action of the father must also fail. *Arritt* v. *Fisher* (1938), 286 Mich 419; *Kobmann* v. *Ross* (1965), 374 Mich 678; *Simerka* v. *Pridemore* (1968), 380 Mich 250; *Dewey* v. *Perkins* (1940), 295 Mich 611; *Bias* v. *Ausbury* (1963), 369 Mich 378; *Snider* v. *Jennings* (1968), 11 Mich App 562, 563; *Broitman* v. *Kohn* (1969), 16 Mich App 400; *Toy* v. *Monticello House, Inc.* (1969), 17 Mich App 360.

Affirmed. Costs to defendants.