BIAS *v.* AUSBURY.

LUCE *v.* SAME.

1. Automobiles—Rear-End Collision—Derivative Action.
    A verdict for plaintiff husband and father in his derivative action arising out of rear-end collision between automobiles, cannot be sustained, where jury returned a verdict of no cause for action in actions by wife and minor son.

2. Same—Inconsistent Verdicts.
    Verdicts of no cause for action in actions by woman and her minor son against defendants whose car collided with rear end of car in which such plaintiffs had been passengers *held*, inconsistent with verdict for plaintiff husband and father, the driver, there being no issue of contributory negligence on the part of plaintiff driver.

3. New Trials—Damages—Instructions.
    New trials, limited to the question of damages and under instructions carefully delineating elements of damages in each case, are ordered in father's derivative action and actions by wife and their minor son for injuries received in rear-end collision, where the liability is clear so far as negligence of defendants and absence of contributory negligence on part of father as driver of car in which plaintiffs were riding in Ohio where accident occurred.

Appeal from St. Clair; Streeter (Halford I.), J. Submitted January 8, 1963. (Calendar Nos. 3, 4, 5, Docket Nos. 49,703, 49,980, 49,981.) Decided March 7, 1963. Rehearing denied May 9, 1963.

Case by Zernie Bias against Harold G. Ausbury and Dorothy C. Ausbury for damages arising from

---

References for Points in Headnotes
[1, 2] 5A Am Jur, Automobiles and Highway Traffic §§ 1106–1109.
[3] 39 Am Jur, New Trial § 24.
    Propriety of limiting to issue of damages alone new trial granted on ground of inadequacy of damages awarded. 29 ALR2d 1199, 98 ALR 941.

medical expense, care, and loss of companionship and services of minor son, Gregory Bias, injured in automobile collision on Ohio highway August 31, 1957.

Similar action by Elsie Bias, mother of minor, continued in the name of her administrator, D. Dean Luce.

Similar action for permanent injuries by Gregory Bias, by next friend, D. Dean Luce, continued in the name of his administrator, D. Dean Luce.

Verdict and judgment for plaintiff Zernie Bias, with motion for new trial denied. Verdicts and judgments for defendants in other two actions, with new trials granted limited to question of damages. Defendants appeal.

Reversed as to action by Zernie Bias. Affirmed as to actions of other 2 plaintiffs. All 3 causes remanded for new trials limited to question of damages.

*Peter E. Bradt,* for plaintiff.

*Harold Helper* and *Touma, Watson & Andresen,* for defendants.

O'HARA, J.   The basic legal issue here involved relates to the jury verdicts in 4 negligence cases consolidated for trial. The facts necessary to an understanding of that issue are as follows: Zernie Bias was the owner and operator of an automobile in which his wife Elsie, his daughters Connie and Judy (Bias) Hicks, and his sons Johnny and Gregory, were passengers. Mr. and Mrs. Bias, and the infant son, Gregory, occupied the front seat; daughters Judy and Connie and the other son, Johnny, the

rear. Plaintiff Zernie stopped for a traffic light, red against him, at the intersection of highways Ohio 303 and US 21 in west Richfield township, Ohio. Between the Bias car and the stop light were another auto and a pickup truck, not otherwise identified in the record.

Traveling in the same direction, north on US 21, and immediately back of the Bias car was an automobile owned and occupied by Harold and Dorothy Ausbury, husband and wife, defendants below and appellants here. Defendant Harold was driving. There is testimony that the stop light is just beyond a "rise," a "hill" or a "grade." Whatever the topography, defendant, Mr. Ausbury, was unable to, or at least did not, stop. Under his testimony, he locked his brakes, turned to the right and slid into the right rear corner of the Bias car. Admittedly, the impact caused property damage, and occasioned, according to plaintiff's allegations, personal injury to wife Elsie, and son Gregory. Mr. Bias' car was covered by collision insurance with the usual deductible feature.

Four actions were started in consequence of the foregoing event. The first was a suit by the father in his own right seeking damages for the permanent deprivation of the normal companionship of his son Gregory; damages for an alleged requirement to support Gregory beyond the age of 21; for the necessity of furnishing the son medical and hospital expenses for life; and for his care and support for life. All these allegedly were proximately occasioned by permanent injury to the son. There are other damages claimed which are beyond the purview of the father's right to recover, if any, and no claim is made in the declaration as filed for medical and hospital expense for the wife, nor for loss of her companionship. A second suit by the wife and mother, Elsie, sought damages for her own injury, for the

deprivation of the son's "normal" companionship, and for the mother's necessity of supervising, feeding, and caring for the son for life, again presumably by reason of the son's arrested development. The third suit was instituted on behalf of the minor son by his next friend. The child was a victim of unrelated cerebral palsy and had not developed normally. The damages claimed were for pain, suffering, medical attention, and in a general way for the loss of future earnings due to the claimed accentuation of the arrested development. A fourth suit for subrogated property damage by the Emmco Insurance Company was not appealed and is mentioned here in order to explain the item of damage in the jury verdict. Before submission of the cases to the jury, the question of plaintiff Zernie Bias' contributory negligence was eliminated by stipulation.

The issues submitted to the jury related to the defendants' negligence, proximate cause, and damage. No error is claimed in the trial court's charge under the *lex loci*—Ohio. The jury returned the following verdict:

*"Foreman:* The jury agreed that Reverend Ausbury was negligent in the operation of his car. In the case of Gregory, no cause for action. In the case of Mrs. Bias, no cause for action. Mr. Bias is awarded $10,000; the insurance company, $265.84."

Defendants promptly moved for judgment notwithstanding the verdict, raising in the court below the issue of the derivative nature of plaintiff Zernie Bias' alleged cause of action. The trial court denied the motion and observed in the course of his opinion from the bench that while the jury found negligence, they assessed no damages in the cases of the 2 then-deceased plaintiffs, Mrs. Bias and Gregory, and probably lumped all recovery in the father's case. Judgments were ultimately entered for no cause of action

in the cases of the wife Elsie,* and the son Gregory,* their estates being represented by their common administrator, D. Dean Luce. The judgment for $10,000 for Zernie Bias was regularly entered.

Thereafter, defendants moved for a new trial in the case of Zernie Bias, citing 15 specifications of error. Plaintiffs moved for a new trial in the Elsie and Gregory cases but only as to the question of damages. In a composite opinion covering all 3 cases, the trial court granted the motion for partial new trials as sought by plaintiffs and denied the motion for a new trial in the case of plaintiff father.

Defendants contend that since the jury found "no cause for action," in the individual cases of the wife and son, the $10,000 verdict in the derivative action of the father cannot be sustained.

We agree. *Dewey* v. *Perkins,* 295 Mich 611, and *Morrison* v. *Grass,* 314 Mich 87, cited by defendants and emphasized upon argument before us, clearly control.

It is further clearly apparent that the verdicts reached in the cases of the wife and son are inconsistent with the verdict in the case of the husband. Evidence of injury and aggravation of pre-existent conditions was introduced in both of these cases.

We are not unmindful of, nor have we failed to consider, the claim of defendants that certain of the sustaining proof in the wife's case was her admittedly self-serving statements to Dr. Kuhn, a claimed non-treating physician and contained in his deposition. We have further addressed ourselves to the contention that the question of any injury to Gregory was controverted by Phillip Ausbury in his testimony that he "saw no sign of injuries." Neither issue is

---

* In the interim between the commencement of the actions, plaintiffs Gregory and Elsie died from causes totally unrelated to the claimed injuries. Suggestions of death were filed and a common administrator appointed; hence the name of that administrator in the title.

controlling of disposition, and neither requires discussion.

We disturb no settled case law to decide as we do. The simple, unalterable fact is defendants struck plaintiffs' legally stopped car from the rear. There is no issue of sudden emergency. There was testi-: mony from which the jury could have found that injuries proximately ensued to the occupants, and property damage to the owner-driver. The facts establishing negligence in the operation of the car are not in dispute. There are serious questions as to the character, extent, and legally sustainable nature of the alleged damages in all cases. While permitted by rule, we do not favor partial new trials, limited to damages alone. (See *Kistler* v. *Wagoner,* 315 Mich 163.) However, under the peculiar facts in this case where the liability is clear, the ends of justice mandate reversal of all the judgments as en-·· tered. The order denying the motion for a new trial in the case of Zernie Bias is vacated. The order granting partial new trials in the cases of Elsie Bias and Gregory Bias is affirmed. The 3 cases are remanded for new trials limited to the question of damages, under instructions carefully delineating the elements of damage in each case.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

BLACK, J., did not sit.