## PEOPLE *v.* ADAMS

1. CRIMINAL LAW — EVIDENCE — IDENTIFICATION — PHOTOGRAPHS — EXHIBITION — PRESENCE OF COUNSEL.

   Exhibition of photographs is as critical a stage in a criminal proceeding as a lineup and one upon whom an investigation has focused is entitled to be represented by counsel when his photographs are exhibited to the victims of the crime with which the suspect is charged.

2. CRIMINAL LAW — EVIDENCE — IDENTIFICATION — PHOTOGRAPHS — EXHIBITION — OBJECTION.

   Objection must be made at trial to the admission in evidence of identification testimony or of a suspect's photographs on the ground that the suspect was not represented by counsel at the time that the photographs were exhibited to victims of the crime for identification.

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law § 313.
     29 Am Jur 2d, Evidence §§ 555–557.
[2, 3]  53 Am Jur, Trial § 134.

3. CRIMINAL LAW — EVIDENCE — IDENTIFICATION — PHOTOGRAPHS —
EXHIBITION — NECESSITY — SERIOUSLY INJURED VICTIMS — PRES-
ENCE OF COUNSEL — OBJECTION.

Objection to the admission in evidence of a suspect's photographs
is necessary at trial in order to give the prosecutor an op-
portunity to show, if he can, that there was a substantial
basis for believing that the suspect's photographs needed to
be exhibited to the victims of a crime without delay because
of their serious injuries, thus justifying the display of the
suspect's photographs to the victims in the absence of defense
counsel.

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J. Submitted Division 1 June 11,
1969, at Detroit. (Docket No. 5,878.) Decided
August 28, 1969. Application for leave to appeal
filed October 10, 1969.

Earl E. Adams was convicted of armed robbery.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer and *Angelo A. Pentolino,* Assistant
Prosecuting Attorney, for the people.

*David E. Eason,* for defendant.

Before: FITZGERALD, P. J., and LEVIN and T. M.
BURNS, JJ.

LEVIN, J. The defendant was convicted of armed
robbery. MCLA § 750.529 (Stat Ann 1954 Rev
§ 28.797). The victims were accosted in their home
and both were shot in the head. They survived
their wounds. The identity of two of the assailants
was known to the victims. One of the assailants

voluntarily surrendered; he gave the police the names of the defendant and of other persons and said that they had also participated in committing the crime.

The defendant and others were arrested two days after the crime was committed. Polaroid pictures of those arrested were taken immediately and these, together with photographs of persons not implicated, were shown to the hospitalized victims two or three hours after the arrest. They identified the defendant as one of their assailants and, later, at the trial, identified him again.

The only issue raised on appeal concerns the propriety of showing the photographs to the victims without the presence of counsel for the defendant. We find no error.

Defendant's appellate counsel argues and the prosecutor concedes[1] that the exhibition-of-photographs stage is as critical as the lineup stage. It is contended, therefore, that one upon whom an investigation has focused is entitled to be represented by counsel at the time photographs are exhibited.[2]

---

[1] The People's brief acknowledges:
"The appellee agrees that the pretrial photographic identification stage is as critical as the lineup stage. The appellee is also in agreement with the view that, where the defendant is in custody, identification by means of a police lineup should be attempted. People v. Rowell (1969), 14 Mich App 190."

[2] See United States v. Wade (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149); Gilbert v. California (1967), 388 US 263 (87 S Ct 1951, 18 L Ed 2d 1178); Thompson v. State (1969), — Nev — (451 P2d 704); United States v. Marson (CA 4, 1968), 408 F2d 644, certiorari denied (1969), 393 US 1056 (89 S Ct 695, 21 L Ed 2d 698) (Winter, J., dissenting).

In the Marson case a majority of the court concluded that a pre-Wade photographic identification of a defendant already in custody did not deny the defendant due process. The dissenting judge would have applied Wade's and Gilbert's principles to the case there at bar as a reward to the (p 654) "diligence and astuteness of defendant's counsel [in advancing] a constitutional contention, not obvious on its face and not a simple application of Wade and Gilbert." The dissenting judge observed (p 653):

However, trial counsel for the defendant did not voice an objection either to the in-court identification testimony or to the admission in evidence of the photographs on the ground that the defendant was not represented by counsel at the time they were exhibited. The record presented does not show whether at the time the photographs were exhibited the investigating officers had any reasonable concern regarding the ultimate recovery of the victims. One of the victims was shot in the area of the left temple, the other in the back of the neck. Both remained in the hospital for five or six days after the pictures were shown to them.

We are not justified in dispensing with the requirement of timely objection at trial; timely objection would have given the prosecutor an opportunity to show, if he could, that there was a substantial basis for believing that the photographs needed to be exhibited without delay because of the seriousness of the victims' injuries. The exigencies of the case, the victims being hospitalized with serious injuries, might have justified the display of photographs in the absence of counsel for the defendant. See *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199), where the United States Supreme Court ruled that a defendant was not denied due process when he was taken to a hospital without counsel to be viewed by one of the victims who, as here, had been seriously injured and was

"I cannot read *Wade* and *Gilbert* to express considerations substantially less applicable to identification by the exhibition of photographs than to identification by exhibition of the person."

In *Cox* v. *State* (Fla, 1969), 219 So 2d 762, 764, 765, the Florida Court of Appeals held that it was error to exhibit to the victim a video tape of the defendant taken while he was in custody without the presence of counsel for the defendant.

But *cf. Commonwealth* v. *Geraway* (1969), — Mass — (245 NE 2d 423); *McGee* v. *United States* (CA 10, 1968), 402 F2d 434, 436.

unable to attend a lineup, and who, it was feared, might not recover.[3]

Affirmed.

All concurred.

---

[3] We also observe that in this case the police had the same need as did the police in *Simmons* v. *United States* (1968), 390 US 377, 385 (88 S Ct 967, 19 L Ed 2d 1247), to determine without awaiting the recovery of the victim "whether they were on the right track."