PEOPLE *v.* LEDBETTER

CRIMINAL LAW—DEFENDANT'S COMPETENCY—PSYCHIATRIC EXAMINA-
TION—COURT RULE—REVERSIBLE ERROR.
   A criminal defendant who shows that he may be incompetent
   *shall* be committed by the court to a forensic center for
   psychiatric examination; a court's failure to comply with this
   rule results in reversible error (GCR 1963, 786).

Appeal from Kent, John H. Vander Wal, J.
Submitted Division 3 February 2, 1971, at Grand
Rapids. (Docket No. 8985.) Decided February 24,
1971.

James R. D. Ledbetter was convicted of larceny
by conversion over $100. Defendant appeals. Re-
versed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, and *Donald A. Johnston, III,*
Chief Appellate Attorney, for the people.

*Robert E. Gersch,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 62 *et seq.*

Judicial declaration of sanity, made after alleged offense but
   before acquittal on ground of insanity at time of offense, as
   affecting duty of court to commit defendant to asylum for
   insane. 88 ALR 1084.

Validity and construction of statutes providing for psychiatric
   examination of accused to determine mental condition. 32
   ALR2d 434.

Before: Fitzgerald, P. J., and V. J. Brennan and
T. M. Burns, JJ.

Per Curiam.  Defendant was charged with lar-
ceny[1] and larceny by conversion or embezzlement.[2]

On May 28, 1969, defendant reported for work at
a filling station where he worked as an attendant on
the late shift.  Trial testimony indicates that he was
given $80 in bills and coins as "starting money".
Sometime after midnight on May 29, 1969, defend-
ant left the station unoccupied and unsecured and
rode into town with friends, Mr. Smith and Miss
Gasco.  He did not return to the station.  Customers
alerted the police concerning the "open station".
The police locked the station doors.  Shortly after
7 a.m., the station manager arrived and audited the
station, read the pumps, counted the oil, and studied
the shift report of the preceding attendant.  He de-
termined that $168.30 of the station's money was
missing.  Mr. Smith and Miss Gasco testified that
defendant admitted stealing the station's money.
Defendant's girl friend, when contacted by a police
detective, turned in over $115.  At the close of the
people's proofs, the larceny charge was dismissed.
Defendant was found guilty of larceny by conver-
sion over $100 by the jury.

Twelve issues are presented for review alleging
reversible prejudice and improper use of judicial
discretion by the trial court.

On appeal, defendant asks the following question:

Did the trial judge commit reversible error when,
in response to defendant's motion for psychiatric
examination, he ordered a locally prominent psychi-
atrist to examine defendant and to submit a report
stating whether a diagnostic commitment to the

---

[1] MCLA § 750.356 (Stat Ann 1970 Cum Supp § 28.588).
[2] MCLA § 750.362 (Stat Ann 1954 Rev § 28.594).

Department of Mental Health was required pursuant to MCLA § 767.27a (Stat Ann 1970 Cum Supp § 28.966[11]); and, when this report was filed and indicated that diagnostic commitment was not required, he ordered the trial to commence as scheduled?

The following quotation clearly states the rule and establishes the precedent which we follow:

"The court rule promulgated in 1969 (GCR 1963, 786) now dictates the proper method for determination of a defendant's competency to stand trial. There can be no argument as to retroactivity of a court rule and accordingly we hold that the actions of the trial court at the time of defendant's 1968 trial satisfied the statute. *The 1969 court rule now prescribes the approved method and must be followed when the question of defendant's competency to stand trial is* properly raised." (Emphasis supplied.) *People* v. *Kerridge* (1969), 20 Mich App 184, 191; *People* v. *Hartford* (1970), 25 Mich App 200, 202.

The alleged crime in the instant case and the criminal procedures related thereto all occurred after May 15, 1969, when GCR 1963, 786, became prospectively applicable. The motion for psychiatric examination was properly filed by written motion before trial. The strong rule enunciated in the *Kerridge* case and adopted by this Court in the *Hartford* decision declares that where there is a showing that defendant *may* be incompetent, the court *shall* commit him to a forensic center for psychiatric examination. Failure to comply by the trial court results in reversible error.

Reversal on this ground obviates further consideration and decision on defendant's 11 other allegations of error.

Reversed and remanded.