PEOPLE *v* HOWARD

CRIMINAL LAW—DEFENDANT'S COMPETENCE—DIAGNOSTIC FACILITY—MANDATORY COMMITMENT—COURT RULE.
   Where question of competence to stand trial is raised, the trial court *shall* commit to a diagnostic facility for a psychiatric evaluation; use of a clinical psychologist to determine competence is not sufficient to satisfy the court rule (GCR 1963, 786.3).

Appeal from Saginaw, Fred J. Borchard, J. Submitted Division 3 December 7, 1971, at Grand

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 62 *et seq.*

Rapids.   (Docket No. 10637.)   Decided January 19, 1972.

John Howard was convicted of first-degree murder.   Defendant appeals.   Reversed and remanded with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George E. Thick, II,* Prosecuting Attorney, and *Roy De Gesero,* Assistant Prosecuting Attorney, for the people.

*Brisbois, Sturtz & LaDue,* for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and V. J. BRENNAN, JJ.

V. J. BRENNAN, J.   Defendant was convicted by a jury of two counts of first-degree murder (MCLA 750.316; MSA 28.548).   Prior to his trial, defendant's attorneys moved to have him committed in order that his competency to stand trial be determined as provided by GCR 1963, 786.3.   The court originally ordered such a commitment, but subsequently amended its order to provide that defendant be examined by a local clinical psychologist, the purpose being to determine whether commitment to a diagnostic facility was necessary to determine defendant's competency.

We feel the judge's actions in this regard were erroneous and reversible.   The court rule (GCR 1963, 786.3) is mandatory.   Whenever there is any question as to a defendant's competency to stand trial, and that question is raised upon defendant's motion, the court *"shall"* order the defendant com-

mitted to a diagnostic facility. *People* v *Ledbetter,* 31 Mich App 160 (1971).

Reversed and remanded for commitment to a diagnostic institution and for a new trial.

All concurred.