PEOPLE v CURRY

1. CRIMINAL LAW—EVIDENCE—REBUTTAL EVIDENCE—DISCRETION.

   The admissibility of rebuttal evidence which could have been offered by the prosecution during its case in chief rests within the sound discretion of the trial court.

2. CRIMINAL LAW—EVIDENCE—REBUTTAL EVIDENCE—PREJUDICE—DISCRETION.

   Testimony of two rebuttal witnesses which simply corroborated earlier testimony was nonprejudicial and its admission could not support a charge that the trial judge abused his discretion in allowing it.

3. CRIMINAL LAW—VIEW BY JURY—DISCRETION.

   It is within the discretion of a trial judge to determine whether a personal view of the scene in a criminal case would enable the jurors to comprehend more clearly the evidence already presented.

4. CRIMINAL LAW—VIEW BY JURY—DISCRETION.

   Denial of a defense motion for a personal view of the scene by the jurors in a criminal case was not an abuse of discretion even though the court agreed with the defense that it was difficult to present an exact description of the area to the jurors where the court indicated that the jurors, if they viewed the scene, would not be seeing the same site that existed on the date of the crime because of the fact that snow and cold weather of the wintertime undoubtedly changed the terrain.

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 June 18, 1973, at Lansing. (Docket No. 14553.) Decided August 28, 1973.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence § 26w.
[3, 4] 53 Am Jur, Trial § 442.
   Discretion of trial court in criminal case as to permitting or denying view of premises where crime was committed, 124 ALR 841.

Luther Curry was convicted of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *T. S. Givens,* Assistant Prosecuting Attorney, for the people.

*Kathryn Schindelar,* for defendant.

Before: T. M. BURNS, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

McGREGOR, J. Defendant appeals a jury verdict of guilty on the charge of breaking and entering general, MCLA 750.110; MSA 28.305.

The information charged that this defendant with two companions did feloniously break and enter a building with the intent to commit larceny therein.

The agreed statement of facts indicates that the police, responding to a silent alarm, arrived at the scene in time to see two individuals fleeing the building from the rear, inside a closed fence which surrounded the building. When requests to halt were ignored, the officers fired at the fleeing individuals, hitting this defendant as he was allegedly scaling the fence and causing him to fall to the ground inside the fence. Defendant contends that he was an innocent bystander and that he ran into the alley from a nearby gas station when he heard noise and saw lights. He further maintains that he heard a shout to halt and that he answered that he was not involved, and was then struck by gunfire and fell to the ground, outside the enclosure in the alley.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

At trial, the defense requested that the jury view the scene for the reason that proper comprehension of the scene could not be had from the picture admitted into evidence due to the congestion in the area. This motion of the defense was denied.

Prior to the beginning of trial, the prosecution requested that rebuttal witnesses be endorsed upon the information. These witnesses were police officers who arrived upon the scene and were not res gestae witnesses. The prosecutor indicated that it was desirable to call these witnesses because the defense could not be "anticipated". Counsel for the defense replied that the prosecution should put in all their witnesses in their main case. The court took this motion under advisement, and at the close of the defense's case allowed these two witnesses to be called. In granting the motion to permit these witnesses to testify, the court stated that the prosecution could not reasonably anticipate this defense. Prior to his opening statement, however, the prosecutor stated, "I have reason to believe that there will be a defense that the defendant, Mr. Curry, was not inside the fenced in area * * * ". Defense counsel contends that the court erred in allowing the rebuttal testimony.

The applicable law on this issue has been concisely stated by this Court:

"As a general rule, the admissibility of rebuttal testimony, which could have been offered by the prosecution during its case in chief, rests within the sound discretion of the trial court; and we will not disturb the trial court's decision unless a clear abuse of that discretion has been shown." *People v Daleo,* 43 Mich App 386, 390; 204 NW2d 315, 317 (1972).

The question, then, narrows to an interpretation of the abuse of discretion by the trial court. De-

fendant has failed to present a case of clear abuse of discretion. The testimony of the two rebuttal witnesses in this case simply corroborated earlier testimony as to the location of the defendant when he was shot. In Michigan, it is clear that such rebuttal testimony which merely supports or expands previously admitted testimony is nonprejudicial. Since the testimony admitted was nonprejudicial per se, it is impossible to charge that the trial judge abused his discretion in allowing it.

Defendant further contends that the trial court erred in denying his motion that the jury view the scene where the view would have enabled the jurors more clearly to comprehend the evidence already received.

Michigan statutes provide:

"The court may order a view by any jury empaneled to try a criminal case, whenever such court shall deem such view necessary." MCLA 768.28; MSA 28.1051.

It has been held by Michigan courts that the discretion of a trial judge may be exercised as provided by law when it is believed that a personal view of the scene would enable the jurors to comprehend more clearly the evidence already received. *People v Winney,* 196 Mich 347; 163 NW 119 (1917); *People v Connor,* 295 Mich 1; 294 NW 74 (1940); *Snider v Jennings,* 11 Mich App 562; 161 NW2d 594 (1968); *People v Gauthier,* 28 Mich App 318; 184 NW2d 488 (1970).

The police testimony indicated that the individual who was struck by their gunfire was scaling the fence and fell within the enclosure which surrounded the subject building. Defendant maintains that he was struck while he was in the alley, and that he fell in the alley. The officers testified that they dragged the defendant under the fence,

after he had been struck and had fallen inside the enclosure, to a position outside the fence to await the arrival of an ambulance. This led to the question of whether it was possible that defendant could have been pulled under the fence, which was described as 50 feet long, 10 feet high, chain link, with steel posts embedded in cement every 6 to 8 feet. The defense believed that a personal view of the scene by the jurors was necessary because photographs of the area could not portray the entire fence nor the exact spot where the defendant was alleged to have been pulled under the fence. Although the court agreed with the defense that it was difficult to present an exact description of the area to the jurors, the defense motion for a personal view of the scene by the jurors was denied. The trial court stated:

"The view today, if it were viewed today, the jury would not be seeing the same site that existed back on October 22, 1971, because we are all familiar with the fact that snow and cold weather of the wintertime changes the terrain, undoubtedly did in this instance.

"I think that with the use of the blackboard that you have been freely using, and at least four photographs now that have been received, that the jury can have a complete picture of the situation existing. I don't feel a view of the property would be of any aid to the jury at this time, so your motion for a view is denied."

Such a reasoned and specific ruling cannot, in light of all of the facts of this case, be said to embody an abuse of discretion.

Defendant's additional assertion that only res gestae witnesses may be called in rebuttal is so insubstantial as to require no argument.

Defendant has not shown the clear abuse of discretion by the trial court.

Affirmed.

All concurred.