PEOPLE v KENNINGTON

Opinion of the Court

1. CRIMINAL LAW—MOTION FOR COMMITMENT—COMPETENCE TO STAND TRIAL—SUFFICIENCY OF SHOWING.

A defendant's oral motion for commitment to the center for forensic psychiatry to determine competency to stand trial, made on the day of the trial, was properly denied where the only showing of incompetence to stand trial was that the defendant was reserved, that he had been a user of heavy narcotics and had not had access to them while in jail, and where his attorney had met with him at various times prior to the trial and had not presented a petition for an examination nor provided any information to help determine whether an examination was necessary.

2. CRIMINAL LAW—WITNESSES—IDENTIFICATION—PHOTOGRAPHIC IDENTIFICATION—COURT RULING—RETROACTIVITY.

No reversible error was committed where a witness identified the defendant by photograph while the defendant was in custody and this identification occurred before the release of a Supreme Court ruling, which has not conclusively been held retroactive, interdicting such an identification.

CONCURRENCE BY R. B. BURNS, J.

3. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—PSYCHIATRIC EXAMINATION—MOTION FOR COMMITMENT—COURT RULES.

*A trial judge has no discretion and must commit a defendant to the center for forensic psychiatry for determination of compe-*

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 70.

[1, 3] Validity and construction of statute providing for psychiatric examination of accused to determine mental condition. 32 ALR2d 434.

Investigation of present sanity to determine whether accused should be put, or continue, on trial. 142 ALR 961.

[2] 73 Am Jur 2d, Statutes § 347 *et seq.*

[3] 21 Am Jur 2d, Criminal Law §§ 63, 70, 73.

tence to stand trial when a proper motion for commitment is made; however, a court rule requires such a motion to be made in writing prior to trial (GCR 1963, 786.1).

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 June 4, 1974, at Lansing. (Docket No. 18517.) Decided August 14, 1974.

Daniel R. Kennington was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Dennis C. Karas,* for defendant.

Before: McGregor, P. J., and R. B. Burns and O'Hara,* JJ.

O'Hara, J. Defendant was convicted of armed robbery, MCLA 750.529; MSA 28.797, by a jury and was sentenced to serve 15 to 25 years in prison. He appeals as of right.

His first assignment of error is the trial judge's denial of an oral motion for commitment to the center for forensic psychiatry made on the day of trial. The issue is controlled by *People v Sherman Williams,* 38 Mich App 370; 196 NW2d 327 (1972).

"[W]hen prior to trial a motion raising the issue of incompetency is made, commitment to a diagnostic facility will be mandated only if a sufficient showing of mental incompetency is made by the moving party, or when other evidence is before the court which raises a bona fide doubt as to the defendant's mental competency to stand trial.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

* * *

"GCR 1963, 786.4 wisely provides that if the motion is made by a person other than the defendant then the defendant shall be given the opportunity to challenge that motion before he is committed.

"If the defendant raises the issue of incompetency, then the court must commit the defendant to a diagnostic facility upon a requisite reasonable showing.

"In either situation, the *sine qua non* is a reasonable showing that incompetence to stand trial may exist." 38 Mich App at 382, 385; 196 NW2d at 333, 335.

As we read the record herein the only showing made was summarized accurately by the trial judge. We set it forth:

*"The Court:* Well, I think what it amounts to is this: I still have to make a determination whether or not there are circumstances that have been described to me that would require such a forensic examination, and as I listen to the representations we have a man who is more reserved then other clients, who would like to have an examination, who in the past has used heavy narcotics, who has not had access to those narcotics while in the county jail, and although claiming to have had access on other occasions by prescription to one drug, and on other occasions not by prescription to other drugs, a recitation that the attorney has been with the client at various times during the five months, has not presented a petition nor had any information that could be helpful to the court in determining whether, in fact, an examination is required, I think leads me to the conclusion that we have a self-serving statement by the defendant who would like to get examined without substantiation, and I don't think there is any basis in law for this."

There was no abuse of discretion and no reversible error.

The second error claimed is identification by photograph while the defendant was in custody.

This, of course, is interdicted by *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973). The photographs were shown to the witness *before* the release of *Anderson, supra.*

As to the question of retroactivity the Supreme Court has said:

"It, therefore, appears that at least as to appeals from Wayne County, *Anderson* ought to be retroactive to at least June 11, 1969, the date on which the *Adams*[1] case was submitted. Jackson is, therefore, entitled to the benefit of the rule stated in *Anderson. We reserve the question whether Anderson should have greater retroactivity as we think that other considerations may be relevant in appeals from less populous counties and there is no need, decisionally,* to reach that question." (Emphasis supplied). *People v Jackson,* 391 Mich 323, 340; 217 NW2d 22, 28 (1974).

We would deem it imprudent to decide that *Anderson* is retroactive in view of the foregoing language.

We find no reversible error. The conviction is affirmed.

McGREGOR, P. J. concurred.

R. B. BURNS, J. *(concurring in results).* I must disagree with the majority insofar as they hold that a trial judge has any discretion in committing a defendant to the center for forensic psychiatry, once a proper motion has been made for such commitment.

In my opinion, when a defendant makes a proper motion in the trial court, for commitment to the center, it is mandatory that the trial judge then commit him. *People v Ledbetter,* 31 Mich App 160; 187 NW2d 507 (1971); *People v Howard,*

---

[1] *People v Adams,* 19 Mich App 131; 172 NW2d 547 (1969).

37 Mich App 662; 195 NW2d 289 (1972); *People v Jackson,* 40 Mich App 237; 198 NW2d 714 (1972).

However, in my opinion the defendant did not file a proper motion in the trial court for such a determination. The defendant raised the issue of competency to stand trial by an oral motion on the date of trial.

GCR 1963, 786.1 states:

"The issue of a defendant's competence to stand trial * * * may be raised at any time before trial by a written motion to commit the defendant to the department of Mental Health."

Affirmed.