PEOPLE v HOERL

Docket No. 77-4929. Submitted December 11, 1978, at Detroit.—Decided February 21, 1979.

John E. Hoerl was convicted of armed robbery, Wayne Circuit Court, Roland L. Olzark, J. Defendant appeals alleging errors in the admission of testimony, elicited by the prosecutor, that he had been previously identified by the complainants at a pretrial photographic display conducted without the benefit of counsel, that the prosecution allegedly introduced hearsay evidence to bolster the complainant's in-court credibility, and that references to the term "mug shots" at trial impermissibly suggested to the jury the possibility of a prior criminal record. *Held:*

1. The right to have counsel present at a photo showup attaches upon a defendant once the defendant is placed in custody and not when the investigation focuses upon an individual.

2. Defendant was not entitled to counsel at the precustody photo showup, therefore, the trial court properly admitted the identification testimony.

3. Defendant was not readily available for a corporeal lineup at the time of the photo identification procedure since, at that time, he was not in custody, his arrest was not warranted, and he could not have been compelled to participate in a corporeal lineup.

4. The prosecutor introduced hearsay evidence to bolster the complainants' in-court credibility; however, it was harmless

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 6, 7] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

[2, 3] 21 Am Jur 2d, Criminal Law §§ 368, 369, 442 *et seq.*

29 Am Jur 2d, Evidence §§ 367, 371, 372.

Admissibility of evidence of photographic identification as affected by allegedly suggestive identification procedure. 39 ALR3d 1000.

[4] 21 Am Jur 2d, Criminal Law § 442 *et seq.*

[5-7] 5 Am Jur 2d, Appeal and Error § 737.

29 Am Jur 2d, Evidence § 493 *et seq.*

Consideration, in determining facts, of inadmissible hearsay evidence introduced without objection. 79 ALR2d 890.

error since the same facts were shown by other competent testimony and the issue was not properly preserved for review by objection to the testimony in the lower court or by a request for a curative instruction.

5. Defendant's contention that references to the term "mug shots" impermissibly suggested to the jury the possibility of a prior criminal record lacks merit since the term was used by a complainant in response to proper questioning on direct examination, the prosecutor only repeated the phrase once, defendant's attorney didn't object, and in fact, used the term on cross-examination, and the testimony was not inherently prejudicial nor deliberately injected into the proceedings.

Affirmed.

1. CRIMINAL LAW — APPEAL AND ERROR — CONSTITUTIONAL LAW — PRESERVING QUESTIONS.

Defense counsel's failure to raise a timely objection, before or during trial, to a pretrial photographic identification procedure at which the defendant was not represented by counsel does not preclude appellate review of that objection because it raises an alleged violation of a constitutional right.

2. CRIMINAL LAW — RIGHT TO COUNSEL — PHOTOGRAPHIC IDENTIFICATION — CUSTODY — INVESTIGATIVE FOCUS — APPEAL AND ERROR.

The right to have counsel present at a photographic showup attaches once a defendant is placed in custody, not when the investigation focuses upon an individual; therefore, a trial court properly admitted testimony, elicited by the prosecutor in a trial for armed robbery, that the defendant had been previously identified by the complainants at a pretrial photographic display conducted without the benefit of counsel where the defendant was not in custody and could not have been compelled to participate in a corporeal lineup at the time of the pre-custody photo showup.

3. CRIMINAL LAW — PHOTOGRAPHIC IDENTIFICATION — PRE-CUSTODY SITUATIONS — CORPOREAL LINEUPS.

Identification by photograph may not be used in pre-custody situations where the accused can be readily produced for a corporeal lineup.

4. ARREST — CRIMINAL LAW — PROBABLE CAUSE — INFORMANTS — BASIS FOR INFORMATION.

Evidence derived from an informant will not, by itself, constitute probable cause for an arrest unless: (1) the police have reason

to believe that the information is reliable, and (2) the police are informed of the underlying circumstances upon which the informant based his conclusion.

5. EVIDENCE — HEARSAY — APPEAL AND ERROR — HARMLESS ERROR.

The erroneous admission of hearsay testimony is harmless error where the same facts are shown by other competent testimony.

6. EVIDENCE — CRIMINAL LAW — APPEAL AND ERROR — PRESERVING ISSUES — HEARSAY TESTIMONY.

A defendant did not properly preserve an issue regarding the erroneous admission of hearsay testimony at his trial where no objection to the testimony was presented in the lower court and there was no request by defense counsel for a curative instruction.

7. CRIMINAL LAW — APPEAL AND ERROR — MUG SHOTS.

A defendant's contention that references to the term "mug shots" at his trial impermissibly suggested to the jury the possibility of a prior criminal record lacks merit where the term was used by a complainant in response to proper questioning on direct examination, the prosecutor only repeated the phrase once, defendant's attorney did not object and in fact used the term on cross-examination, and the testimony was not inherently prejudicial nor deliberately injected into the proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Gromek & Bendure,* for defendant.

Before: DANHOF, C.J., and R. M. MAHER and D. C. RILEY, JJ.

PER CURIAM. On April 19, 1977, defendant John Hoerl was convicted by a jury of two counts of armed robbery, MCL 750.529; MSA 28.797. He was sentenced to concurrent prison terms of 5 to 15 years, appeals as of right, and raises three issues.

The evidence adduced at trial showed that on

the afternoon of August 16, 1976, defendant entered the Taylor home of Beverly Hill, assaulted her with a gun, and seized a sum of money earmarked for her honeymoon. Leonard Kobylawski arrived at the house shortly thereafter. The intruder pointed a gun at him and confiscated $14.

Two days later, Mrs. Hill and her husband left for a vacation in Virginia. Upon their return a week or two after the robbery date, she received an anonymous phone call. The caller, a female, gave the defendant's name as the robber. That same day a photographic showup was conducted at which there was apparently no attorney present. Defendant was tentatively identified by Beverly Hill and positively identified by Mr. Kobylawski. A corporeal lineup, at which counsel was present, was held approximately three months subsequent to the robbery. Both complainants identified the defendant at this time, and he was further identified by both at trial.

Defendant's first allegation of error concerns his assertion that the lower court erroneously admitted testimony, elicited by the prosecutor, that he had been previously identified by the complainants at a pretrial photographic display without benefit of counsel. No objection was tendered by defendant's attorney before or at trial; nevertheless, the failure to object to a pretrial identification procedure will not obviate our consideration of an alleged violation of a constitutional right. *People v Lester,* 50 Mich App 725, 727; 213 NW2d 793 (1973), *lv den,* 392 Mich 791 (1974), *People v Cotton,* 38 Mich App 763, 767; 197 NW2d 90 (1972), *People v Schumacher,* 29 Mich App 594, 596; 185 NW2d 633 (1971).

In *People v Lee,* 391 Mich 618, 625; 218 NW2d 655 (1974), a unanimous Michigan Supreme Court

held that the right to have counsel present at a photo showup attaches once a defendant is placed *in custody,* and not, as defendant herein contends, when the investigation "focuses" upon an individual:

"The *Franklin Anderson* rule[1] attaches with custody. Compare *People v Cesarz,* 44 Ill 2d 180; 255 NE2d 1, 4 (1969); *United States v Zeiler,* 427 F2d 1305, 1307 (CA 3, 1970); *State v Keel,* 5 NC App 330, 335-336; 168 SE2d 465, 468-469 (1969). Defense counsel's argument that the right to counsel attaches once 'an investigation has focused' on a particular suspect is an inaccurate one, insofar as it is supposed to refer to 'pre-custody' investigations. The cases to which the defendant refers are *in*-custody not *pre*-custody cases.

"We decline to extend the reasoning of *Franklin Anderson* to the pre-custody, pre-questioning, mere suspicion phase that was evidenced here. It is not feasible to require appointment of counsel in cases of pre-custody photographic showups where there is no detention of the defendant since under such a rule each photograph arguably depicts a suspect and therefore each person whose photograph appears in the photographic display, or perhaps even the 'mug book' would require the representation of counsel. That would be impossible and absurd." (Emphasis in original.)

Subsequent decisions of this Court have consistently followed the *Lee* decision. See, *e.g., People v McNeill,* 81 Mich App 368, 375; 265 NW2d 334 (1978), *People v Coles,* 79 Mich App 255, 262; 261 NW2d 280 (1977), *People v Flippo,* 70 Mich App 652, 656-657; 247 NW2d 321 (1976), *People v Met-*

---

[1] "1. *Subject to certain exceptions, identification by photograph should not be used where the accused is in custody.*

"2. *Where there is a legitimate reason to use photographs for identification of an in-custody accused, he has the right to counsel as much as he would for corporeal identification procedures." People v Anderson,* 389 Mich 155, 186-187; 205 NW2d 461 (1973). (Footnotes omitted. Emphasis in original.)

*calf,* 65 Mich App 37, 42-43; 236 NW2d 573 (1975). However, in *People v Kachar,* 400 Mich 78, 88-89; 252 NW2d 807 (1977), the Supreme Court majority opinion stated that:

"In *People v Anderson,* 389 Mich 155, 180-181; 205 NW2d 461 (1973), we approved the rule then being applied by the Court of Appeals which required that counsel be present at a photographic identification of an accused who is in custody.

"We also approved the application of that rule to a situation where defendant, although not in custody, is the focus of investigation. Thus, in *People v Cotton,* 38 Mich App 763, 769-770; 197 NW2d 90 (1972), the Court of Appeals held that counsel must be present at a photographic identification when '[i]t's purpose [is] to build a case against the defendant by eliciting identification evidence, not to extinguish a case against an innocent bystander'."

However, as *Kachar* was signed by only two justices, it is not binding precedent.[2] Furthermore, in that case the photo showup, unlike the present situation, was conducted after the defendant was taken into custody, bound over for trial, and then released. In *Cotton, supra,* which decision was specifically limited to its facts,[3] defendant was also

[2] In *Negri v Slotkin,* 397 Mich 105, 109; 244 NW2d 98 (1976), it was held that at least three justices must agree to the reasoning in a case before that decision becomes obligatory precedent. "Plurality decisions in which no majority of the justices participating agree as to the reasoning" are not binding on this Court.

[3] Of particular interest is the following quote from the *Cotton* opinion:

"The above-cited decisions, which have afforded a defendant the right to counsel at such a proceeding, [photographic identification] have limited this right to situations where the accused is in custody at the time. There is good reason for distinction. Initial identification by photograph has been widely and effectively used in law enforcement. The display of photographs has proven to be a valuable tool in apprehending offenders while at the same time 'sparing innocent suspects the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs.'" 38 Mich App at 768. (Citation omitted.)

taken into custody and released prior to the photographic identification procedure. Although the defendants in *Kachar* and *Cotton* were not in custody at the time of the counsel-less showups, the showups were not prior to custody. The holding of *People v Lee* that pre-custody showups do not require the presence of counsel, therefore, is not inconsistent with either *Cotton* or *Kachar*. Additionally, the degree of investigative scrutiny present in both *Kachar* and *Cotton* was significantly more acute than in the case at bar, where defendant was never before in custody, nor was he connected in any previous way with the crime until police reception of the complainant's anonymous tip.

Accordingly, under *People v Lee, supra,* we hold that as defendant was not entitled to counsel at the pre-custody photographic showup, the court below properly admitted the identification ·testimony. This renders moot defendant's brief assertion that the subsequent identifications were illegally tainted.

Our inquiry is not terminated, however, for we must briefly consider the corollary issue, not posited in defendant's brief, of whether defendant at the time of the identification procedure was readily "available for a corporeal lineup". If so, then

The Court added, however:

"we cannot exclude the possibility that under *unusual circumstances* a suspect may have a right to counsel during a pretrial photographic identification though at the time he is not in custody." *Id.* at 769. (Emphasis supplied.)

The *Cotton* decision specifically noted that the police had already arrested the defendant, that he had appeared represented by counsel in two corporeal lineups prior to release, that the police had retained his car, and "apparently still felt he was their man".

"For these reasons we feel constrained to hold that in this particular situation defendant was entitled to be represented by counsel at the photographic identification even though he was not in custody at the time." *Id.* at 770.

identification by photograph is not permissible, even in pre-custody situations. *People v McNeill, supra,* at 376. See also *People v Jackson,* 391 Mich 323, 338; 217 NW2d 22 (1974).

*People v McNeill, supra,* at 377, determined that defendant was not readily available for a corporeal lineup because the police lacked sufficient information to arrest him. See also, *People v Lee, supra,* at 623, *People v Coles, supra,* at 262. Application of this standard presents no difficulty in the case at bar. The police had only the tip of an anonymous caller from which to infer defendant's involvement in the crime. Evidence derived from an informant will not, by itself, constitute probable cause for arrest unless: (1) the police have reason to believe that the information is reliable, and (2) the police are informed of the underlying circumstances upon which the informant based his conclusion. *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), *People v Daniels,* 60 Mich App 458, 464; 231 NW2d 386 (1975). The police in this case had neither of these elements; arrest, therefore, was not warranted. Nor can we fathom other circumstances by which defendant could have been compelled to participate in a corporeal lineup.[4] Thus, it was proper to identify defendant at this stage of the investigation by photograph.

Defendant's penultimate assertion involves the introduction by the prosecution of allegedly hearsay evidence to bolster the complainants' in-court

---

[4] To the extent that certain cases suggest that defendant is "readily available" so long as his whereabouts are known, or, if he has been released on bond pending another charge, *e.g., People v Smalls,* 61 Mich App 53, 59-60; 232 NW2d 298 (1975), *People v Beasley,* 55 Mich App 583, 585-586; 223 NW2d 77 (1974), we decline to follow them. In our opinion, unless a defendant can be apprehended, detained, and legally compelled to participate in a corporeal lineup, he is not "readily available". The ability to arrest on the *present* charge would satisfy this requirement.

credibility. Officer Ickes testified on direct examination as follows:

"Q. All right. As best as you can recall, what did they [the complainants] tell you about the armed robbery?

"A. The complainant stated that there was a knock at her front door, she went to the front door and asked who it was. He stated that he had just talked to the complainant's husband and he was told to come on over, he would be right back in a few minutes, and to wait for him at the location.

"She let him in and she was then told that he had two guys outside with shotguns, and he pulled a revolver out and struck her in the head and took her through the house and collected—took the moneys [sic] that was in the location."

Detective Belanger, the officer in charge, then testified regarding the complainants' lineup identification:

"Q. All right. Now, in viewing the lineup how long did it take her [Mrs. Hill] to identify the defendant in this case, John Hoerl?

"A. It took her about two seconds; she was positive.

"Q. Okay. And when Mr. Kobylawski viewed the line, how long did it take him to identify the defendant in this case?

"A. It was the same thing; he was positive, just looked in, looked down the row and picked him."

As these statements were offered to prove the truth of the matter asserted, they were clearly hearsay.[5] However, we decline to find reversible

---

[5] We reject the prosecutor's argument that MRE 801(d)(1) renders these statements nonhearsay. Under that rule a statement is excluded from the hearsay rule if:

"The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is one of identification of a person made after perceiving him".

In *People v Washington,* 84 Mich App 750; 270 NW2d 511 (1978),

error for two reasons. First, the erroneous admission of hearsay testimony is harmless error where the same facts are shown by other competent testimony. *People v Vargas,* 50 Mich App 738, 741-742; 213 NW2d 848 (1973), *lv den,* 392 Mich 815 (1974), *People v Harrison,* 49 Mich App 546; 212 NW2d 278 (1973), *lv den,* 392 Mich 779 (1974), *People v Dykes,* 37 Mich App 555; 195 NW2d 14 (1972). Here, Beverly Hill had already testified as to defendant's actions at the time of the robbery. Both complainants identified the defendant at trial, and both testified that they identified the defendant at a live lineup. In addition, Mrs. Hill attested to her previous photographic identification. The police officer's characterization of the lineup recognition as "positive", when viewed in light of the other extensive identification evidence, did not constitute reversible error. Second, no objection to the testimony was presented to the lower court, nor was there any request by counsel for a curative instruction. Absent these endeavors, the issue is not properly preserved for appellate review. *People v Moss,* 397 Mich 69, 70; 243 NW2d 254 (1976).

Defendant finally alleges that reference to the term "mug shots" at trial impermissibly suggested to the jury the possibility of a prior criminal record. In response to proper questioning on direct exam, Beverly Hill indicated that she went to the police station to look at "mug shots". The prosecutor repeated the expression when he inquired if she had identified any of the photographs, but at no other time mentioned the phrase. No objection

the Court held that MRE 801(d)(1) allows a witness to testify concerning his *own* prior identification but does not allow a third party to testify regarding the identification of another person. See also, *People v Sanford,* 402 Mich 460, 484-489; 265 NW2d 1 (1978).

was proffered by defendant's attorney, who, in fact, used the phrase himself on cross-examination. The testimony was not inherently prejudicial, nor was it deliberately injected into the proceedings. Under these circumstances defendant's contention lacks merit. See *People v Drew,* 83 Mich App 57, 61; 268 NW2d 284 (1978).

Affirmed.